IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNA MURRELL | : | |
| 3819 North 16th Street | : | CIVIL ACTION |
| Philadelphia, PA 19140 | : | |
| | : | |
| vs. | : | NO. 02-2831 |
| | : | |
| CROYDON ASSOCIATES, III, | | |
| LIMITED PARTNERSHIP, | : | |
| TRADING AS GLEN HOLLOW APARTMENTS | | |
| 8739 Research Drive | | |
| Building URP4 | : | |
| Charlotte, NC 28288-1075 | | |
| and | : | |
| KONOVER INVESTMENT CORPORATION, | | |
| TRADING AS GLEN HOLLOW APARTMENTS | | |
| 342 N. Main Street, Suite 200 | : | |
| W. Harford, CT 06117 | | NO.: |

**COMPLAINT**

**JURISDICTION:**

Jurisdiction is founded upon diversity of citizenship of the parties and the amount on Controversy, pursuant to 28 U.S.C. Section 1322, in that Plaintiff, Shawna Murrell is an individual and citizen of the Commonwealth of Pennsylvania; Defendant, Croydon Associates, III, Limited Partnership, trading as Glen Hollow Apartments is alleged and therefore averred to be a corporation, partnership and/or other business entity, with its principal place of business in the State of North Carolina; Defendant, Konover Investment Corporation, trading as Glen Hollow Apartments, is alleged and therefore averred to be a corporation, partnership and/or other business entity with its principal place of business in the State of Connecticut, and the amount in controversy exceeds One Hundred Fifty Thousand ($150,000.00) Dollars.

**FACTUAL ALLEGATIONS:**

1. Plaintiff, Shawna Murrell, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 3819 North 16th Street, Philadelphia, PA 19140.

2. Defendant, Croydon Associates, III, Limited Partnership, trading as Glen Hollow Apartments is alleged and therefore averred to be a corporation, partnershipo and/or other business entity, licensed to transact business in the Commonwelth of Pennsylvania, with a regular place of business located at 8739 Research Drive, Building UPR4, Charlotte, NC 28288. At all times relevant hereto, Defendants owned, managed, leased, possessed or controlled the premises known as the Glen Hollow Apartments, located at 1100 Newportville Road, Croydon, PA 19020.

3. Defendant, Konover Investment Corporation, trading as Glen Hollow Apartments, is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, with a regular place of business located at 342 N. Main Street, Suite 200, W. Hartford, CT 06117. At all times relevant hereto, Defendants owned, managed, leased, possessed or controlled the premises known as the Glen Hollow Apartments, located at 1100 Newportville Road, Croydon, PA 19020.

4. On or about April 8, 2001 at approximately 3:30 a.m., Plaintiff, Shawna Murrell, was lawfully traversing the walkway leading to Building 16 of the Glen Hollow Apartments in Bristol Township, Bucks County, when she was caused to slip, trip and otherwise fall to the ground as a result of broken and missing concrete and/or other defective conditions on the walkway. As a result of her fall, Ms. Murrell received emergency medical treatment. After receiving said medical treatment, the Plaintiff returned to Glen Hollow Apartments with the use

of crutches, and while attempting to enter the door of Building 16, she was caused to slip, trip and otherwise fall to the ground a second time as a result of broken and missing concrete which was present on the concrete landing in front of the door to Building 16. As a result of both falls, Plaintiff was caused to suffer severe and serious injuries and damages which are more fully described below.

     5.     At all times relevant to this incident, one or more of the Defendants owned, managed, possessed, controlled or were otherwise responsible for the maintenance of the premises where Plaintiff fell located at 1100 Newportville Road, Croydon, PA 19020.

     6.     This accident resulted solely from the negligence, carelessness and recklessness of one or more of the Defendants, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

     7.     As a result of the aforesaid accident, the Plaintiff, Shawna Murrell, has suffered injuries which are serious and permanent in nature, including but not limited to: dislocated left knee; acute anterior cruciate ligament tear of the left knee; acute posterior cruciate ligament tear of the left knee; posterolateral corner tear of the left knee; medial meniscus tear of the left knee; contusions, lacerations, and abrasions over various portions of her body; post-traumatic anxiety and depression; severe damage to her nerves and nervous system and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

     8.     As a further result of the aforesaid accident, Plaintiff, Shawna Murrell has suffered severe and permanent scarring and disfigurement.

9. As a further result of the aforesaid accident, Plaintiff, Shawna Murrell, has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which the Plaintiff may continue to expend and incur for an indefinite time into the future.

10. As a further result of the aforesaid accident, Plaintiff, Shawna Murrell, has or may suffer a severe loss of her earnings and impairment of her earning capacity and power all of which may continue for an indefinite time into the future.

11. As a further result of the aforesaid accident, the Plaintiff, Shawna Murrell, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

12. As a further result of the aforesaid accident, the Plaintiff, Shawna Murrell, has suffered a diminution of her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

<b><u>Count I</u><br>Shawna Murell vs. Croydon Associates, III, Limited Partnership, trading as Glen Hollow Apartments</b>

13. The Plaintiff hereby incorporates paragraphs 1 through 12 as if the same were herein set forth at length.

14. The negligence, carelessness of the Defendant, Croydon Associates, III, Limited Partnership, trading as Glen Hollow Apartments, consists of, but is not limited to, the following:

    a. failing to maintain and repair the area, specifically the walkway and landing

leading into Building 16, in a condition which would protect and safeguard persons lawfully upon said premises;

b.   permitting said area, specifically the walkway and landing leading into Building 16, to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

c.   failing to have the area, specifically the walkway and landing leading to Building 16, inspected at reasonable intervals in order to determine the condition of same;

d.   failing to warn persons using said area, specifically the walkway and landing leading to Building 16, of these dangerous conditions;

e.   allowing a broken and missing concrete to exist on the walkway and landing of Building 16;

f.   disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises, specifically the walkway and landing leading to Building 16;

g.   failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

h.   failing to provide railings so that Plaintiff could safely traverse the steps;

i.   failing to use due care under the circumstances;

j.   creating a trap or nuisance;

k.   creating a dangerous condition;

l.   failing to place warning signs/cover in an area visible to the Plaintiff and not in an obstructed location;

m.   negligence per se;

    n.  failure to erect handrails in violation of BOCA National Building Code and Bristol Township Building Code;

    o.  negligence, carelessness and recklessness at law;

    p.  such other and further acts of negligence and recklessness as will be developed by future discovery in this case.

15.    The negligence, carelessness and recklessness of the Defendant, Croydon Associates, III, Limited Partnership, trading as Glen Hollow Apartments, its agents, servants, workmen and/or employees, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Shawna Murrell, demands judgment against the Defendant, Croydon Associates, III, Limited Partnership, trading as Glen Hollow Apartments, its agents, servants, workmen and/or employees, jointly and severally, in an amount in excess of One Hundred Thousand ($150,000.00) Dollars.

### Count II
### Shawna Murrell vs. Konover Investment Corporation, trading as Glen Hollow Apartments

16.    The Plaintiff hereby incorporates paragraphs 1 through 15 as if the same were herein set forth at length.

17.    The negligence, carelessness of the Defendant, Konover Investment Corporation, trading as Glen Hollow Apartments consists of, but is not limited to, the following:

    a.  failing to maintain and repair the area, specifically the walkway and landing leading into Building 16, in a condition which would protect and safeguard persons lawfully upon said premises;

    b.  permitting said area, specifically the walkway and landing leading into

Building 16, to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

c. failing to have the area, specifically the walkway and landing leading to Building 16, inspected at reasonable intervals in order to determine the condition of same;

d. failing to warn persons using said area, specifically the walkway and landing leading to Building 16, of these dangerous conditions;

e. allowing a broken and missing concrete to exist on the walkway and landing of Building 16;

f. disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises, specifically the walkway and landing leading to Building 16;

g. failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

h. failing to provide railings so that Plaintiff could safely traverse the steps;

i. failing to use due care under the circumstances;

j. creating a trap or nuisance;

k. creating a dangerous condition;

l. failing to place warning signs/cover in an area visible to the Plaintiff and not in an obstructed location;

m. negligence per se;

n. failure to erect handrails in violation of BOCA National Building Code and Bristol Township Building Code;

o. negligence, carelessness and recklessness at law;

      p.   such other and further acts of negligence and recklessness as will be developed by future discovery in this case.

Case 2:02-cv-02831-BMS    Document 1    Filed 05/11/2002    Page 8 of 9

18.     The negligence, carelessness and recklessness of the Defendant, Konover Investment Corporation, trading as Glen Hollow Apartments, its agents, servants, workmen and/or employees, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE,  Plaintiff, Shawna Murrell, demands judgment against the Defendant, Konover Investment Corporation, trading as Glen Hollow Apartments, its agents, servants, workmen and/or employees, jointly and severally, in an amount  in excess of One Hundred Thousand ($150,000.00) Dollars.

                                                                STAMPONE, D'ANGELO & RENZI, P.C.


                                                                BY:_____
                                                                     JOSEPH P. STAMPONE, ESQUIRE
                                                                     Attorney for Plaintiff(s)